UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-683-H

**LARRY WAYNE WEATHERS**            **PLAINTIFF**

v.

**DISTRICT COURT JUDGE ANDERSON** *et al.*        **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Larry Wayne Weathers filed a *pro se* complaint (DN 1) and an amendment thereto (DN 4). Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint and its amendment pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff filed his complaint on a general-complaint form against District Court Judge Anderson, Assistant County Attorney Susan Mcain, and Police Officer Paul O'byran (from the Springfield police station). As grounds for filing this action in federal court, he asserts: "5th Amendment of the United States Constitution Double Jeopardy, 14th Amendment Due process and the Equal protection of the law."

Plaintiff alleges that Defendant O'byran falsified "the citation by putting the wrong violation code causing the plaintiff to have to stay in jail longer than prescribed by Kentucky law thus violating the 14th Amendment the Equal Protection of the law." He further alleges that Defendants Judge Anderson and prosecutor Mcain violated the Fifth Amendment "by inflicting multible punishments on the plaintiff when their was only one corse of conduct, meaning

Plaintiff should have had a payable fine instead of being Jailed. Mutible Times." He claims that Defendants are in violation of due process and equal protection of the laws. Finally, he states, "Failure to properly train officials led to these deprivations against the Constitution of the United States." As relief, Plaintiff seeks monetary damages against Defendants in their official capacities.

In the amendment, Plaintiff added only that he states and alleges that "Defendants acting under color of state law deprived rights garenteed by the constitution of the United States[.] Then the rest of the Complaint remains the same."

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2)

take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. *Defendants Judge Anderson and Assistant County Attorney Mcain*

These Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar

remains in effect when State officials are sued for damages in their official capacity."); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("Boone's request for monetary relief against the prosecutors in their official capacities is deemed to be a suit against the state and also barred by the Eleventh Amendment."); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Additionally, Defendants sued in their official capacities for damages are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994).

Consequently, the § 1983 official-capacity claims for damages against Defendants Judge Anderson and Assistant County Attorney Mcain in their official capacities for damages must be dismissed.

### B. Defendant Officer O'byran

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff indicates that Defendant Officer O'byran is a police officer at the police station in Springfield, Kentucky. Plaintiff's official-capacity claims against Defendant, therefore, are actually against the City of Springfield. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

4

whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 694.

> There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Here, Plaintiff alleges a failure to train.

"The inadequacy of police training only serves as a basis for § 1983 liability 'where the failure to train amounts to *deliberate indifference* to the rights of persons with whom the police come into contact.'" *Slusher v. Carson*, 540 F.3d 449, 457 (6th Cir. 2008) (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)) (emphasis in *Slusher*).

> "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program. The city's "policy of inaction" in light of notice that its program will cause constitutional violations "is the functional equivalent of a decision by the city itself to violate the Constitution." A less stringent standard of fault for a failure-to-train claim "would result in *de facto respondeat superior* liability on municipalities . . . ."

*Connick v. Thompson*, – U.S. –, 131 S. Ct. 1350, 1360 (2011) (internal citations omitted); *see also Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986) ("[M]unicipal liability under § 1983

attaches where—and only where—a deliberate choice to follow a course of action is made from among various alternatives by [the relevant] officials . . . .").

Plaintiff merely states in his complaint that "[f]ailure to properly train officials led to these deprivations against the Constitution of the United States." This is insufficient to impose liability on the city. *See Stanley v. Landers*, No. 09-cv-52-PB, 2009 WL 3757389, at *1 (D.N.H. Nov. 9, 2009) (finding conclusory assertion that guard was not adequately trained is insufficient to survive a motion to dismiss after *Iqbal*). Plaintiff does not attribute this failure to train to any individual or entity. He fails to provide any facts regarding the alleged training that was omitted or how the lack of training led to his injury. Moreover, Plaintiff has failed to allege any prior allegedly unconstitutional conduct which would have placed the city on notice that its training was inadequate, *Connick*, 131 S. Ct. at 1360 ("Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."), or to allege that his injury was a "'patently obvious' consequence of the deficiency in the training program.'" *Siler v. Webber*, 443 F. App'x 50, 55 (6th Cir. 2011) (quoting *Connick*, 131 S. Ct. at 1361).

For these reasons, Plaintiff has failed to allege facts sufficient to establish a basis of liability against the City of Springfield. Consequently, the official-capacity claims against Defendant Officer O'byran must be dismissed.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:


cc: Plaintiff, *pro se*
      Defendants
4412.005